[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON MOTION FOR AWARD OF ATTORNEY'S FEES
Shamon Clark, the plaintiff in the above-captioned action, seeks an award of attorney's fees and expenses as the prevailing party in an action in which a jury found that defendant William Lowe, a police officer employed by the City of Norwalk, violated his civil rights. Title 42 U.S.C. § 1988 entitles a party who has so prevailed to recover reasonable counsel fees from the liable party. The jury found that defendant Lowe had violated Shamon Clark's civil rights by subjecting him to use of excessive force; and it awarded this plaintiff $2,000 in compensatory damages and $48,000 in punitive damages. Defendant Lowe does not contest that Clark is a prevailing party pursuant to § 1988. Though Clark did not prevail on all of his claims, the court finds that all of those claims arose from the same facts, and that none of the proof presented was related only to claims upon which Clark did not prevail.
Trial counsel for this plaintiff, Attorney Katrena Engstrom, did not begin representing him until June 1996, filing an appearance in lieu of that of his prior counsel, Attorney Beverly CT Page 8789 Carswell, who had represented the plaintiff between February 1992 and November 1995. Both attorneys have filed affidavits and statements of hours expended representing plaintiff Clark.
The defendant filed an objection to the motion filed by Attorney Engstrom. The grounds stated in this objection are 1) lack of provision of actual time records in addition to the listing of time spent on the case; 2) lack of documentation of expenses incurred; 3) excessive amounts of time claimed for activities; 4) excessive hourly rate claimed for level of participation in the trial.
Attorney Carswell filed a belated motion for fees on May 3, 1999, to which the defendant has filed an objection. (There was some delay in this filing because the plaintiff did not request adjudication of this motion, which was filed by an attorney who no longer had an appearance in the case). Present counsel for plaintiff Clark has adopted Attorney Carswell's submission as a supplement to the fee petition filed originally.
The defendant objects that, taken together, the two parts of the fee petition present an excessive number of hours claimed for the tasks performed, are not supported by contemporaneous time records, reflect duplicative efforts, and include charges for activities not related to pursuit of the federal claim. With regard to the Carswell representation, the defendant objects that insufficient basis has been supplied regarding the hourly fee sought, that the hours claimed are excessive for the tasks performed, and that the rate sought is excessive in view of the applicable standard.
Standard for award of fees
A party who prevails on a claim of violation of rights protected by the United States Constitution may, pursuant to42 U.S.C. § 1988, be awarded a reasonable attorney's fee as part of the costs reasonably incurred in securing a remedy, regardless of the extent of the remedy achieved, and regardless of whether he or she prevailed on all claims initially raised. Texas StateTeachers' Association v. Garland Independent School District,489 U.S. 782 (1989); Hensley v. Eckerhart, 461 U.S. 424 (1983).
Title 42 U.S.C. § 1988 provides in pertinent part that "[i]n any action or proceeding to enforce a provision of section . . . 1983 . . . of this title . . . the court, in its discretion, may CT Page 8790 allow the prevailing party . . . a reasonable attorney's fee as part of the costs."
Plaintiff Clark prevailed on his claim that he had been subjected to use of excessive force by defendant William Lowe, and he recovered both compensatory and punitive damages. He is a "prevailing party" within the terms of § 1988.
The law is clear that the calculation of the fee awarded should be based on an assessment of the time reasonably claimed to have been expended in securing a remedy multiplied by a reasonable hourly rate, the so-called "lodestar." Blanchard v.Bergeron, 489 U.S. 87, 96 (1989). The fee awarded should reflect the time and labor required, the novelty and difficulty of the case, the skill required to perform the legal service properly, the preclusion of other employment by the attorney due to acceptance of the case, the attorney's customary fee, time limitations imposed by the client or by circumstance, the experience, reputation and ability of the attorney, the undesirability of the case, the nature and length of the attorney's professional relationship with the client, and awards in similar cases. Blanchard v. Bergeron, supra, 489 U.S. 96;Hensley v. Eckerhart, supra, 461 U.S. 430.; City of Riverside v.Rivera, 477 U.S. 561, 578 (1986). As the Supreme Court observed in Hensley v. Eckerhart, supra, 461 U.S. 434 n. 9, these additional factors, identified in Johnson v. Georgia HighwayExpress, Inc., 488 F.2d 714, 717 (5th Cir. 1974), "usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate."
Portion of Fee Petition Applicable to Services of Atty Engstrom
Hours expended
Attorney Engstrom has attached to the motion for fees a five-page listing of activities performed and the number of hours expended. In an affidavit, she has represented to the court that these listings represent a summary of contemporaneous time records, apparently compiled in computer entries and not on paper time slips or time sheets. The court finds that the listings constitute adequate records and that they correspond to briefs, filings, and court appearances that the court observed to have taken place. Attorney Engstrom has indicated under oath that the out-of-pocket expenses set forth were in fact incurred. All the claimed expenses are of a kind and in amounts usual to this sort CT Page 8791 of case, and the defendant has identified none that is suspect. The court finds the documentation of the time expended and expenses is adequate under the circumstances.
To assess the defendant's objections to some of the time charges, it is necessary to describe the method of collaboration of plaintiffs' counsel in the three cases that were consolidated. Attorney James Farrell, counsel for the estate of Corey Jones, did most of the investigation of facts and conducted the initial direct examination of nearly every witness. Attorney Engstrom, on behalf of plaintiff Clark, conducted limited examinations on topics particularly germane to her client. Understandably, she did not engage in long examinations merely to repeat points already brought out by Attorney Farrell or by Attorney Erskine McIntosh, who represented the estate of Michael Towns. The defendant claims that some of her time charges for preparation should be eliminated because she engaged in short examinations or none at all. Though the defendant apparently equates volume and duration with quality of representation, this court understands that brevity is very often effective. Preparation is required for a brief examination, and the court rejects the defendant's suggestion that charges for preparation should be reduced if the examination was brief. Similarly, research before the preparation of a motion may be considerable because of the need to verify the argument to be made or not made: the brevity of the document submitted does not negate the need for research beforehand.
The court finds that none of the billing items challenged by the defendant is excessive for the tasks performed, and, indeed, the number of hours expended shows great economy of effort and lack of duplication of the efforts of counsel for other plaintiffs. Attorney Engstrom has not provided a total of the hours expended but has provided only a dollar amount claimed. The court finds that she reasonably devoted 251.4 hours to representation of the plaintiff through trial and post-verdict motions and that she reasonably expended the two hours claimed for preparation of a fee application.
Billing Rate
The plaintiff seeks compensation at the rate of $225 per hour for the services of Attorney Engstrom. In support of this claim, the plaintiff has presented a single affidavit, from another attorney employed in her law firm, Attorney John Williams. It is difficult to view such an affidavit as unbiased, and the CT Page 8792 affidavit does not address the issue of the market rate for attorneys of Attorney Engstrom's skill and experience in the role she filled in this trial, but avers that "the lodestar rate for all attorneys is unquestionably $250 per hour" for representation of parties in civil rights litigation in federal court. Since U.S. Supreme Court decisions require trial judges to assess a variety of factors in arriving at lodestar fees, this court rejects the suggestion that a single rate should apply across the board. The court finds that an hourly rate of $200, the same rate awarded to other trial counsel in the case, is appropriate with-regard to the services performed by Attorney Engstrom.
Portion of Fee Petition Applicable to Services of Attorney Carswell
Hours Expended
Plaintiff Clark's original counsel has filed an affidavit and a document titled "Time Records: Beverly G. Carswell." The affidavit contains no representation that the time records were contemporaneously prepared. Even assuming that they were, they contain many items related to representation of plaintiff Clark or members of his family with regard to criminal charges, housing problems, counseling, and other matters not related to representation of plaintiff Clark as to the § 1983 claim. (See entries regarding 2/14, 2/15, 2/17, 2/20, 2/22, 3/3, 3/6, 3/14 4/24, 10/5/92). Some entries concerning meetings report much more time than has been reported by other counsel with regard to the same meeting, and such discrepancies substantially reduce the extent to which the court regards the submission as accurate and reliable, as do inclusions of charges for an attending a CLE course and a claimed eight hours for reading two depositions of average length. Though the submission contains many, many hours of preparation of the complaint, records of Attorney Farrell indicate that he sent a draft complaint to Attorney Carswell, and the complaint filed is nearly identical to the complaint filed by Attorney Farrell. The number of reported conferences with other counsel, including attorneys not representing other plaintiffs, and the very large number of hours reported for preparation of pleadings is excessive for the tasks performed.
This attorney filed the original complaint and an amended complaint, conducted some limited discovery, and conferred with other counsel who had very clearly undertaken the major tasks of preparing the cases for trial. Her participation ceased in 1995. Having reviewed each entry and the extent of work reflected in CT Page 8793 the court file and performed later by successor counsel, this court finds that the number of hours reasonably devoted to the case by this attorney to the activities she performed in the early phase of the case is 126.25 hours.
Billing rate
Attorney Carswell has not indicated in her affidavit that she has ever tried or been awarded fees in a civil rights case, and she has included no averments concerning her billing rate as a lawyer during the period when she represented the plaintiff. She has presented no affidavits of other lawyers indicating the hourly rates applicable to lawyers with her degree of experience in trial work and in the area of civil rights litigation. Her time records reflect a very great reliance on consultations with other lawyers from other firms and attendance at a basic seminar on the subject. Though continuing legal education is certainly desirable, the billing rates for attorneys still at the stage of learning the basic issues in a speciality area are of course lower than those of experienced attorneys with a high degree of skill. The court finds that a reasonable hourly rate for the skill, experience, and expertise exhibited in the contents of the court file is $110 per hour.
Expenses
Plaintiff Clark seeks an award of out-of-pocket expenses as part of attorney's fees. The only objections to this category of request that the defendant has made is to inclusion of expert fees as part of attorney's fees and to inclusion of subpoena fees, which the defendant asserts should properly be raised instead in a bill of costs. The expenses submitted by this plaintiff include a $1000 fee paid to an expert witness. The decision of the U.S. Supreme Court in West should properly be raised instead in a bill of costs. The expenses submitted by this plaintiff include a $1000 fee paid to an expert witness. The decision of the U.S. Supreme Court in West Virginia UniversityHospital v. Casey, 499 U.S. 83 (1991), precludes an award of expert fees as part of an attorney's fee. The reasoning of that case likewise applies to the objection concerning subpoena expenses. A state statute, Conn. Gen. Stat. § 52-257, identifies those expenses recoverable as court costs. The defendant has properly objected that this item of costs should be pursued in the context of a bill of costs. The defendant has not made this objection with regard to any of the other expenses claimed, and, CT Page 8794 absent objection to them, the court awards $645.95, the portion of out-of-pocket expenses that represents neither subpoena fees nor expert fees.
Conclusion
The court awards fees and expenses pursuant to Title 42 U.S.C. § 1988
to plaintiff Shamon Clark as follows:
 Legal services of Atty. Katrina Engstron $50,680.00 Legal services of Atty. Beverly Carswell 13,887.50 Litigation expenses 645.95 ___________ TOTAL $65,213.45
JUDGMENT
Judgment shall enter in favor of plaintiff Shamon Clark in the amount of the verdict plus the award of fees set forth above.
Plaintiff Clark may recover his statutory costs upon filing a bill of costs.
Beverly J. Hodgson Judge of the Superior Court